959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dorothy Ann HARRIS, Defendant-Appellant.
 No. 90-50658.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 10, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dorothy Ann Harris appeals her conviction, following jury trial, for distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Harris contends that the district court abused its discretion by admitting at trial evidence of a previous conviction for cocaine possession. She argues that the evidence was irrelevant and the prejudice outweighed the probative value. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for abuse of discretion a district court's decision to admit evidence of a previous conviction under Fed.R.Evid. 609. United States v. Perkins, 937 F.2d 1397, 1406 (9th Cir.1991).
 
 
 4
 Rule 609(a) "allows impeachment of a witness by evidence of prior convictions if the crime was punishable by imprisonment for over a year, provided the court determines that the probative value of admitting the evidence outweighs its prejudicial effect." United States v. Simtob, 901 F.2d 799, 807 (9th Cir.1990); Fed.R.Evid. 609. In determining whether the evidence was more prejudicial than probative, we consider the following five factors: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction; (3) the similarity between the past crime and the charged offense; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility." Perkins, 937 F.2d at 1406; United States v. Browne, 829 F.2d 760, 762-63 (9th Cir.1987), cert. denied, 485 U.S. 991 (1988).
 
 
 5
 Here, Drug Enforcement Administration ("DEA") agents arranged a cocaine purchase between a confidential informant ("CI") and Harris' codefendant, James Compton, at a McDonald's parking lot. Compton drove a van into the parking lot followed by a second van, which Harris drove. DEA agents saw no one else in Harris' van. Compton and Harris parked the vans at opposite ends of the parking lot. Compton and the CI walked to Harris' van to transact the cocaine purchase. DEA agent Bolton saw Harris lean over from the driver's seat and open the front passenger door. Next, Harris reached into a bag located on the passenger floorboard and pulled out a clear plastic baggie, which contained cocaine. Compton handed the baggie to the CI who examined it and put it in his pants pocket. At this point, DEA agents arrested Compton and Harris. DEA agents searched Compton and found a beeper around his waistband. Upon searching Harris' purse, DEA agents found a pocket calendar with the name "James" written above two phone numbers. One of phone numbers was Compton's beeper number.
 
 
 6
 At trial, Harris attempted to show that she did not distribute any cocaine. Harris testified that she picked up her friend, Donna Stewart, and drove her to McDonalds. After Harris parked, she moved to the back of the van to put make-up on her face. Stewart saw two men to whom she owed money and motioned for them to approach the van. As they walked to the passengers door, Stewart reached in her bra and handed them something.[1] Stewart left the van and conversed with an individual in a nearby car. Harris heard a loud commotion so she jumped back in the driver's seat, and Stewart disappeared. At this point, DEA agents arrested her. The government introduced evidence of Harris' 1983 conviction for cocaine possession to impeach her credibility.
 
 
 7
 Since Harris' 1983 conviction occurred seven years prior to her 1990 jury trial, it was admissible under Rule 609(b). See Fed.R.Crim.P. 609(b); Simtob, 901 F.2d at 807.[2] Harris' credibility and testimony were central to the case, as Harris testified that she did not distribute any cocaine, see Perkins, 937 F.2d at 1406, and presented an alternative explanation for her presence in the van, see Browne, 829 F.2d at 764. The prior conviction, although similar to the charged offense, was admissible to impeach Harris' testimony and credibility. See Perkins, 937 F.2d at 1406. The government had a right to present evidence which challenged Harris' trustworthiness as a witness. See id. Therefore, the district court did not abuse its discretion by denying Harris' motion in limine to exclude evidence of her 1983 conviction for cocaine possession. See id.; Browne, 829 F.2d at 764.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Harris testified that she could not tell if Stewart actually pulled anything out of her bra. Stewart testified that she handed thirty dollars to a friend
 
 
 [2]
 Harris also argues that her prior conviction for cocaine possession was inadmissable under Rule 609(a)(1) because she was incarcerated for less than one year. We disagree. Harris pled guilty in 1983 to two counts of cocaine possession, in violation of California Health and Safety Code § 11350(a). Section 11350(a) is a felony punishable by imprisonment for either sixteen months, two years, or three years. Thus, although Harris received probation with 270 days in jail, her crime was punishable by incarceration in excess of a year. See Fed.R.Evid. 609(a)(1). Therefore, the district court did not abuse its discretion by admitting the 1983 conviction for cocaine possession on this basis. See Perkins, 937 F.2d at 1406